{¶ 15} I respectfully dissent from the majority's conclusion that the trial court abused its discretion in ordering a downward deviation from the child support calculation worksheet for Mother's child support obligation.
 {¶ 16} It is true that the trial court provided that Husband and his current spouse "can claim tax exemptions and credits for four to five minor children[,]" and that "[t]heir tax savings will be more than $7,000 per year." This language was used during the trial court's consideration of factor (I) from R.C. 3119.23, which calls for consideration of "[t]he amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents[.]" Here, the trial court was not giving a concrete amount, but rather estimating what Husband and his current spouse could potentially receive as a tax break.
 {¶ 17} Similarly, the disputed $9,600 of "imputed income" was discussed by the trial court when considering the existence of court-ordered payments under R.C. 3119.23(C). The trial court simply noted the fact that Husband's current spouse was entitled to $800 per month in child support that she did not seek to enforce. The trial court then again discussed the availability of the disputed $9,600 of annual child support when discussing the differences in household income for Husband and Wife. In doing so, the trial court recognized that Husband's household income would increase by the "$9,600 his wife would receive in child support each year if she enforced the order." In recognizing the potential $9,600 of annual child support, the trial court was simply following the strictures of R.C. 3119.23(G) in considering the disparity of income between the two households and R.C. 3119.23(H) in considering any benefits Husband may have accrued through his new marriage. *Page 9 
 {¶ 18} Ultimately, the trial court set forth specific findings of fact as it analyzed each and every factor listed in R.C. 3119.23, and concluded that a downward deviation would be in the children's best interests because a guidelines calculation would be "unjust" and "inappropriate" in light of the circumstances. In coming to this conclusion, the trial court did not act in an unreasonable, arbitrary or unconscionable manner, but relied on competent and credible evidence. Therefore, the trial court met the statutory burden required to deviate from the child support obligation provided by the child support worksheet, and did not abuse its discretion in coming to its final conclusion. Accordingly, I respectfully dissent from the majority's decision, and would affirm the judgment of the trial court. *Page 1